UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DONALD ALLEN GORLEY )
 )
v. ) NO. 2:11-CV-225
 ) *Greer/Inman*
SULLIVAN COUNTY JAIL MEDICAL )
DEP'T and PENNY TESTER )

# MEMORANDUM and ORDER

Proceeding *pro se*, Donald Allen Gorley, an inmate confined in the Sullivan County Detention Center [hereinafter SCDC] when he filed this action, brings this civil rights complaint for injunctive relief and damages under 42 U.S.C. § 1983, (Doc. 1). The defendants are the SCDC medical staff and SDCD Health Administrator Penny Tester. Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**, (Doc. 3).

The complaint now must be screened to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In conducting its review, the Court will generously construe this *pro se* plaintiff's complaint and hold it to a less stringent

standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In his complaint, plaintiff asserts that he submitted five sick call requests over a 7-month period concerning his need for removal of his orthodontic braces. In those requests, plaintiff explained that he was in serious pain and that his mouth bled when he ate certain foods. He further asserts that the SCDC dentist cut the wires on his braces and should never have done this because a dentist is not an orthodontist. Plaintiff requests the following forms of relief: (1) a court order requiring the immediate removal of his braces, (2) reimbursement of the filing fee, and (3) compensatory and punitive damages for his pain and suffering.

At the outset, the first claim for relief has been rendered moot because plaintiff has been released from confinement, (Doc. 4, Notice of Address Change), and could derive no benefit from ordering that he receive dental care at the SCDC. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (A prisoner's request for injunctive relief against jail officials cannot be granted once he is transferred or released from the correctional institution of which he complains.). The second claim for relief, likewise, has been rendered moot by the Court's action in granting plaintiff leave to proceed *in forma pauperis* since he was not required to pay a filing fee. These claims are **DENIED** as **MOOT**.

The claim for damages is governed by the Eighth Amendment, which proscribes punishments that involve the unnecessary and wanton infliction of pain. Deliberate indifference to an inmate's serious medical needs constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). An inmate's dental problems, under some circumstances, can constitute a serious medical need. *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000). "Deliberate indifference 'is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir.1998)).

Allegations that prison officials know of an inmate's dental problems, but have delayed or denied treatment altogether may state a claim for deliberate indifference. *Fields v. Gander*, 734 F.2d 1313, 1315 (8th Cir. 1984) (prisoner's allegations that a jailer knew of his pain from an infected tooth but denied him dental care for three weeks could support a finding of an Eighth Amendment violation); *Beauchamp v. Love*, 1986 WL 16393, *1 (6th Cir. Jan. 9, 1986) (citing to *Fields*). Also, "a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering." *See Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998) (citing *Boretti v. Wiscomb*, 930

3

F.2d 1150, 1154-55 (6th Cir.1991)); *see also Estelle*, 429 U.S. at 103 ("[The denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.").

But, where a prisoner receives some medical care and the dispute is over its adequacy, no claim has been stated. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). By the same token, no viable Eighth Amendment claim is stated by allegations that a medical condition has been negligently diagnosed or treated, and the mere fact that the victim happens to be a prisoner does not convert it into a constitutional violation. *Estelle*, 429 U.S. at 106.

Although plaintiff did not receive the specific treatment he wanted, the Eighth Amendment does not guarantee a prisoner "unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Prisoners have no right to dictate the treatment to be rendered. *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981) (finding that "[t]he right to be free from cruel and unusual punishment does not include the right to treatment of one's choice").

The Court simply does not see a constitutional violation here because there is no evidence of deliberate indifference. Defendants did not disregard plaintiff's need for dental care: Plaintiff was treated by a dentist. *Farmer*, 511 U.S. at 835-36 (concluding that, by taking reasonable measures to abate the harm, a defendant avoids

4

liability, even if the harm is not averted). It appears that plaintiff's main complaint is that the dental care provider was not an orthodontist, but this is not a constitutional matter since plaintiff has no right to demand treatment by a specialist. *Shedden v. United States*, 101 F. App'x. 114, 115, 2004 WL 1327926, at *1 (6th Cir. June 11, 2004) (finding inmate's contention that defendants did not refer him to an orthopedic specialist for treatment did not state an Eighth Amendment claim).

For the reasons above, this lawsuit will be dismissed *sua sponte* for failure to state a claim under § 1983 entitling plaintiff to relief.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
